John Doe (Safe at Home Participant)
PO BOX 1679, Unit 4550
Sacramento, CA 95812

FILED

1

# UNITED STATES DISTRICT COURT

2025 OCT -7 AM 11:05

### CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

JOHN DOE (Safe-at-Home Participant),
Plaintiff,
v.
CALIFORNIA SOUTHERN UNIVERSITY;
AMERICAN INTERCONTINENTAL UNIVERSITY SYSTEM;
MELISSA NOYA, Psy.D.;
EVANGELINA ALONSO, Psy.D.; and DOES 1–10,
Defendants.

CV25-9549-HDV(SK)

Case No. _____

## EX PARTE APPLICATION FOR TEMPORARY RELIEF

## TO PRESERVE PLAINTIFF'S RIGHTS AND MAINTAIN STATUS QUO

[Filed Concurrently With Complaint for Damages and Injunctive Relief]

---

## I. INTRODUCTION

Plaintiff JOHN DOE (Safe-at-Home Participant) respectfully submits this **Ex Parte Application** seeking temporary judicial relief to preserve his legal rights and maintain the status quo pending formal litigation against California Southern University ("CalSouthern") and affiliated defendants.

Plaintiff brings this action under **Title III of the Americans with Disabilities Act (42 U.S.C. § 12181 et seq.), Section 504 of the Rehabilitation Act (29 U.S.C. § 794)**, and corresponding California statutes.
This application requests limited injunctive protection while Plaintiff proceeds pro se to secure counsel and finalize service.

---

## II. RELIEF REQUESTED

Plaintiff seeks the following interim relief:

1. **Protective Stay of Academic Status and Records.** Order Defendants to preserve all academic, disability, and grievance records pending resolution of this case.

2. **Non-Retaliation Order.** Enjoin Defendants and their agents from engaging in retaliatory acts or further interference with Plaintiff's degree progress, transcript access, or reputation.
3. **Preservation of Evidence.** Direct CalSouthern and AIUS to retain and not destroy emails, correspondence, accreditation materials, and faculty licensing records relevant to this action.
4. **Extension of Deadlines.** Permit Plaintiff reasonable time (45 days) to obtain counsel and serve Defendants while maintaining the Court's protective oversight.

## III. FACTUAL BASIS

Plaintiff is a **Black, LGBTQ+, honors-level PsyD candidate with a documented anxiety disorder** and the live-in caregiver for a disabled family member.
CalSouthern administrators, licensed only in Florida, denied him ADA accommodations, retaliated following protected activity, and operated under an unlawful supervision structure contrary to **16 C.C.R. § 1387**, causing the loss of a full licensure-track training cycle and damages exceeding **$6,248,000**.

Without immediate protection, Defendants may alter or destroy evidence, further damage Plaintiff's academic standing, or misrepresent his record to outside agencies, compounding the harm already suffered.   (See Attached Addendum)

## IV. LEGAL STANDARD

Federal courts may grant **temporary injunctive relief** under **Fed. R. Civ. P. 65(b)** upon a showing of immediate and irreparable harm, likelihood of success on the merits, and balance of equities favoring the movant.
Plaintiff satisfies all factors: the continuing denial of ADA rights and risk of evidence loss constitute irreparable injury; the claims demonstrate substantial merit; and equitable relief serves the public interest in nondiscriminatory higher-education access.

## V. ARGUMENT

1. **Likelihood of Success.** The Complaint alleges clear violations of federal disability-rights statutes and California licensure law.
2. **Irreparable Harm.** Each day without access to lawful training and records perpetuates professional and financial loss not compensable solely by damages.
3. **Balance of Hardships.** Defendants face minimal burden by preserving records and ceasing retaliation; Plaintiff faces career-ending consequences otherwise.

4. **Public Interest.** Enforcing ADA and § 504 standards promotes equality, transparency, and professional integrity within California's mental-health-training system.

## VI. REQUEST FOR ORDER

Plaintiff therefore respectfully requests that this Court issue an **Order to Preserve Status Quo and Prevent Retaliation**, directing Defendants to:

- Maintain all academic and disability-accommodation records;
- Refrain from retaliatory conduct toward Plaintiff;
- Preserve all electronic and written communications relevant to this case; and
- Allow Plaintiff 45 days to retain counsel and complete service.

## VII. CONCLUSION

For the foregoing reasons, Plaintiff requests that this Court **grant this Ex Parte Application for Temporary Relief** and issue an order consistent with the relief described above.

Dated: October 5, 2025
Respectfully submitted,

**JOHN DOE (Safe-at-Home Participant)**
Plaintiff, Pro Se
[Safe-at-Home Substitute Address on File With the Court]
Los Angeles, California

*John Doe*

*[Handwritten at top: I consent (safe at Home) Feb 7/2019 ( ? )
PO Box 1679, Unit 4550
Sacramento, CA 95812]*

1

## ⚖️ III STATEMENT OF FACTS AND BASIS FOR RELIEF

California Southern University, Dean **Melissa Noya, Psy.D.**, the Disability Office, and **Dr. Evangelina Alonso, Psy.D.** have engaged in a continuing pattern of **noncompliance with the Americans with Disabilities Act (ADA)** and **Section 504 of the Rehabilitation Act**, while simultaneously assigning **unlicensed, out-of-state administrators** to oversee practicum and internship training for California students in violation of **California Code of Regulations, Title 16, § 1387**. Neither Dean Noya nor Dr. Alonso holds a California Board of Psychology license or an authorized supervision waiver. They possess no valid authority to supervise Psy.D. candidates or to execute internship affiliation agreements within this state.

As a direct and foreseeable result of these acts, I have been **completely prevented from accruing the 1,500 practicum hours and 1,500 pre-doctoral supervised professional experience (SPE) hours** required by the **California Board of Psychology** for licensure. Without those hours, I cannot enter a qualifying post-doctoral residency, rendering it **impossible for me ever to obtain psychologist licensure in California**—the central purpose for which I undertook this doctoral program.

This harm is not hypothetical or temporary—it is **career-ending**. CalSouthern's failure to provide any practicable pathway for licensure, despite repeated representations to the contrary, has destroyed my professional trajectory and invalidated years of academic effort, financial investment, and public funding. I was induced to enroll based on the University's statements that its **Higher Learning Commission (HLC)** accreditation met California licensure eligibility. **Exhibit 9 – CalSouthern Misrepresentation vs. Published Program Data** shows those claims were false and misleading under both state and federal law.

These actions occurred despite my strong academic standing (**magna cum laude**) and my status as a **qualified individual with a documented disability**—Generalized Anxiety Disorder—for which I provided physician certification and requested reasonable accommodation under the ADA. The University ignored or delayed those requests, imposed arbitrary waiting periods of 30–45 days, and retaliated by excluding me from essential program communications and coordination with my sponsor, the **California Department of Rehabilitation (DOR)**.

The resulting hardship extends beyond professional loss. I am the full-time **In-Home Supportive Services (IHSS)** caregiver for my 72-year-old aunt, **Leola Fier**, who suffers from **CML leukemia, dementia, scoliosis, heart failure, and severe hearing loss**. My limited income and caregiving duties make relocation or restarting another doctoral program impossible. The University's deliberate obstruction has therefore caused severe **emotional distress, financial instability, and health-related strain**, compounding my disability and undermining the very purpose of the ADA and Section 504.

CalSouthern's refusal to secure an ADA-compliant practicum or internship opportunity, coupled with its assignment of unlicensed, out-of-state faculty to supervise California students, demonstrates **knowing and malicious disregard** for state licensure law and federal disability protections. These acts were not merely negligent—they were **intentional, retaliatory, and**

2

**systematically harmful**, designed to shield the institution from accountability while exploiting students relying on its promises of licensure eligibility.

Without **immediate injunctive relief**, I will suffer **irreparable harm**, including permanent loss of licensure eligibility, wasted public funds, the collapse of my professional aspirations, and the inability to provide stable care for my disabled family member. No monetary award can remedy these ongoing injuries. Court intervention is essential to preserve my rights and prevent further unlawful conduct by California Southern University and its unlicensed administrators.

---