UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-09549-HDV-SK | Date | October 8, 2025 |
| Title | *John Doe v. California Southern University, et al.* | | |

| Present: The Honorable | Hernán D. Vera, United States District Judge |
|---|---|

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING PLAINTIFF'S REQUEST FOR A TEMPORARY RESTRAINING ORDER [4, 5]**

The Court has reviewed the Complaint, the ex parte application for temporary relief ("TRO Application"), and the associated documents filed by Plaintiff. [Dkts. 1, 4–5.]

Plaintiff's Complaint names as defendants California Southern University, where Plaintiff is pursuing a Psy.D. degree, its parent entity, and its agents. Complaint at 2. Plaintiff asserts various claims for disability discrimination and claims arising out of alleged noncompliance with California licensing requirements. *Id.* at 2–4. By his TRO Application, Plaintiff asks this Court to order Defendants to preserve and disclose certain records that might serve as evidence in this case; to order Defendants to preserve Plaintiff's student status and academic standing; and to enjoin Defendants from engaging in retaliation or further interference with Plaintiff's degree progress or reputation. [Dkt. 4] at 1–2; [Dkt. 5] at 2.

Rule 65 gives courts the power to issue injunctions and retraining orders. Fed. R. Civ. P. 65. A temporary restraining order, as a form of preliminary injunctive relief, is an "extraordinary and drastic remedy," and Plaintiff must make a "clear showing" that he is entitled to such a remedy. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). Plaintiff must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm absent preliminary injunctive relief, (3) the balance of equities tips in his favor, and (4) preliminary injunctive relief is in the public interest. *Meinecke v. City of Seattle*, 99 F.4th 514, 521 (9th Cir. 2024).

  Here, the Complaint and TRO Application do not establish a likelihood of success on the merits.  Rule 8(a) requires a Complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A complaint can fail to state a claim for relief because it lacks a cognizable legal theory or because it pleads insufficient facts under a cognizable legal claim.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984).  Plaintiff's Complaint does the latter.  It includes only four paragraphs of high-level factual allegations followed by nine entirely conclusory "Legal Claims."  Complaint at 2–4.  Neither the Complaint nor the TRO Application clearly explain who did what to Plaintiff, where, and when—nor does it do so through admissible *evidence*.  For that reason, Plaintiff has not demonstrated the existence of serious legal questions presented for adjudication—much less shown that he is likely to succeed on the merits of those questions.

  Plaintiff has also not shown that he is likely to suffer irreparable harm absent preliminary injunctive relief.  Plaintiff does not need a temporary restraining order to ensure that evidence is preserved and disclosed.  So long as Defendants are aware of imminent or pending litigation, they are already under a duty to preserve relevant evidence, *see A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 193 (C.D. Cal. 2006), and disclosure will occur during discovery if appropriate, *see* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]").

  As to Plaintiff's other requested preliminary relief, he argues that "[e]ach day without access to lawful training and records perpetuates professional and financial loss." [Dkt. 4] at 2.  He argues that, without immediate injunctive relief, he will suffer "permanent loss of licensure eligibility, wasted public funds, the collapse of [his] professional aspirations, and the inability to provide stable care for [his] disabled family member."  To the extent Plaintiff suffers "financial loss" or "wasted funds," that is not the proper subject of preliminary injunctive relief.  "Money damages are, of course, the classic form of *legal* relief," and can be awarded at the conclusion of the litigation.  *Mertens v. Hewitt Associates*, 508 U.S. 248 (1993) (citations omitted).  Much of Plaintiff's other asserted harm could also be repaired by permanent injunctive relief, should Plaintiff prevail on the merits.

  In summary, Plaintiff has not demonstrated that he is likely to succeed on the merits or is likely to be irreparably harmed absent this Court's intervention at this early stage.

  Finally, it does not appear that Plaintiff has given written or oral notice of his TRO Application to Defendants nor satisfied the requirements for requesting one without such notice.  *See* Fed. R. Civ. P. 65(b)(1).

  The TRO Application is therefore **denied**.

**IT IS SO ORDERED.**