FILED

Name: John Doe

Address: PO Box 1679 Unit 4580
Sacramento CA 95812

Phone: _____

Fax: _____

In Pro Per

2026 FEB 12 PM 2: 15

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

John Doe
SAFE AT HOME PARTICIPANT

_____ Plaintiff

California Southern
University, et al

_____ Defendant(s).

CASE NUMBER:

CV-25-9549-HDV-DSR

URGENT

NOTICE OF MOTION & MOTION
REQUEST FOR
TITLE OF PLEADING

TO SEAL COURT Records AND
Restrict Public Access

REQUEST FOR

1) Notice Of Motion & MOTION TO SEAL COURT
records AND RESTRICT Public Access

2) Memorandum OF POINTS AND AUTHORITIES

3) EXHIBIT A— Screen SHOT OF PacerMonitor
2/12/2026 Displaying Plaintiff's Name

4) Proposed order Granting Plaintiff's motion
TO SEAL COURT Records and restrict Public
Access.

CV-127 (09/09)          PLEADING PAGE FOR A SUBSEQUENT DOCUMENT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JOHN DOE,

Plaintiff,

v.

CALIFORNIA SOUTHERN UNIVERSITY, et al.,

Defendants.

## Case No. CV-25-9549-HDV-DSR

REQUEST FOR

# ~~NOTICE OF~~ MOTION AND MOTION TO SEAL COURT RECORDS AND RESTRICT PUBLIC ACCESS

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff John Doe respectfully moves this Court, pursuant to Federal Rule of

Civil Procedure 5.2, Local Rule 79-5, and the Court's
inherent authority, for an Order sealing the above-captioned
case and restricting public access to the Court's records in
order to protect Plaintiff's safety, privacy, and confidentiality
interests.

This Motion is based upon compelling privacy interests,
including Plaintiff's participation in California's Safe at
Home Address Confidentiality Program and the risk of
ongoing public dissemination of identifying information
through third-party indexing services.

This Motion is supported by the concurrently filed
Memorandum of Points and Authorities, the Declaration of
John Doe, the Proposed Order, the records on file in this
action, and any further argument the Court deems
appropriate.

# I. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. Seal the court records in this matter from public access;

2. Restrict remote electronic access to the docket and
   filings;

3. Direct the Clerk of Court to maintain Plaintiff's
   pseudonym designation ("John Doe") consistently
   throughout the docket;

4. Grant such other protective relief as the Court finds just
   and proper.

# II. GROUNDS FOR MOTION

Plaintiff filed this action under a pseudonym to protect
personal safety and confidential identifying information.
Despite these precautions, third-party public indexing
services have continued to disseminate identifying
information associated with this case, undermining the
protections intended by pseudonymous filing.

Courts in the Ninth Circuit recognize that sealing is
appropriate where compelling privacy and safety interests
outweigh the public's right of access. The relief requested is
narrowly tailored to protect Plaintiff's identity and safety
while preserving the integrity of judicial proceedings.

# III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that
this Court grant the Motion to Seal and restrict public access
to the records in this case.

Dated: February  12, 2026

Respectfully submitted,

3

John Doe

Plaintiff, Pro Se

# MEMORANDUM OF POINTS AND AUTHORITIES

## (CV-25-9549-HDV-DSR)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SEAL COURT RECORDS AND RESTRICT PUBLIC ACCESS

# I. INTRODUCTION

Plaintiff John Doe respectfully moves this Court to seal the docket in its entirety and restrict public access to this action. Plaintiff proceeds under a pseudonym pursuant to serious privacy and safety concerns, including enrollment in California's Safe at Home Confidentiality Program. Despite these protections, Plaintiff's identity has been publicly indexed and disseminated through third-party services, including PacerMonitor.

The continued public accessibility of this docket materially undermines Plaintiff's statutory confidentiality protections and exposes him to ongoing harm. Because less restrictive measures have proven insufficient to prevent public dissemination, Plaintiff seeks narrowly

5

tailored but comprehensive relief: restriction of public
access to the docket in this action.

# II. LEGAL STANDARD

The Ninth Circuit recognizes a strong presumption of
public access to judicial records. Kamakana v. City &
County of Honolulu, 447 F.3d 1172 (9th Cir. 2006).
However, that presumption may be overcome upon a
showing of "compelling reasons supported by specific
factual findings."

Courts may seal records where disclosure would cause
serious harm, including invasion of privacy, risk to
personal safety, or other significant prejudice. Federal
Rule of Civil Procedure 5.2 further recognizes the need to
protect personal identifying information.

Where a litigant demonstrates credible risk and statutory
confidentiality protections, sealing may be appropriate to
prevent further dissemination and irreparable harm.

# III. COMPELLING REASONS EXIST TO RESTRICT PUBLIC ACCESS

Plaintiff is enrolled in California's Safe at Home
Confidentiality Program, which exists to protect
individuals from harassment, stalking, and safety threats
by shielding residential and identifying information.

Despite proceeding as "John Doe," Plaintiff's legal identity has been indexed through third-party court-scraping platforms, including PacerMonitor. A true and correct copy of such indexing is attached as Exhibit A.

Once disseminated online, such information spreads rapidly and becomes difficult to retract. Continued public access to the docket substantially increases the likelihood of further indexing, republication, and exposure.

The harm is not speculative. It has already occurred.

Public exposure of Plaintiff's identity:

- Undermines Safe at Home protections
- Increases risk of harassment and retaliation
- Causes psychological distress
- Causes professional harm

Because the docket remains publicly accessible, third-party scraping continues.

# IV. LESS RESTRICTIVE MEASURES ARE INSUFFICIENT

Redaction alone has proven ineffective.

Although Plaintiff has sought redaction and protective relief, third-party indexing demonstrates that once information is exposed, it continues to propagate.

The Court retains authority over its own records and may restrict public access where necessary to prevent ongoing harm.

Given the demonstrated breach, partial measures will not adequately protect Plaintiff's safety or statutory confidentiality rights.

# V. REQUESTED RELIEF IS NARROWLY TAILORED

Plaintiff does not seek to alter the Court's adjudicative authority, nor to impede judicial transparency unnecessarily.

Rather, Plaintiff seeks restriction of public docket access while preserving full access to:

- The Court
- Court personnel
- All parties
- Counsel of record

This request balances public access principles with compelling privacy and safety concerns.

# **DECLARATION OF JOHN DOE**

I, John Doe, declare as follows:

1. I am the Plaintiff in this action.

2. I am enrolled in California's Safe at Home Confidentiality Program.

3. I proceed under pseudonym due to serious privacy and safety concerns.

4. Despite these protections, my legal name has been publicly indexed through third-party platforms that scrape federal court dockets.

5. Attached as Exhibit A is a true and correct copy of PacerMonitor displaying my identity associated with this case.

6. Public dissemination of my identity undermines statutory confidentiality protections and exposes me to ongoing harm.

7. The exposure has caused emotional distress and concern for personal safety.

8. I believe continued public access to the docket will result in further indexing and harm.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on ___02/2/2026___ at 2026 LA, California.

John Doe

Plaintiff, Pro Se

5:42 ✈

 

 **PacerMonitor**                          ✕

# John_Doe_v_California_Southe r...

 Visit >

Filed by: Samuel Dominicus Smith (Pro Se) 4h SHV OVE [Safe At Home ? Confidential Address Handling Requested] Date: October 5, 2025 Title of ...

⬆ Share          🔖 Saved          Remove result          F

## About the source

### PacerMonitor

PacerMonitor.com is a legal research platform founded in 2011 and based in New York, US. It archives federal and state court records, providing public and legal professionals access to case details, with a primary focus on bankruptcy proceedings. Operating on a subscription model, the service offers advanced tools for tracking, analyzing, and managing federal court dockets and filings. PacerMonitor generally requires official proof for record removal requests, prioritizing public record preservation.  EXHIBIT A

*[Handwritten in right margin:]* 2/12/2024 EXHIBIT A — SCREENSHOT OF DISPLAYING PLAINTIFFS NAME OF PACERMONITOR =

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JOHN DOE,

Safe at Home Participant,

Plaintiff,

v.

CALIFORNIA SOUTHERN UNIVERSITY, et al.,

Defendants.

Case No. CV-25-9549-HDV-DSR

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO SEAL COURT RECORDS AND RESTRICT PUBLIC ACCESS**

The Court, having reviewed the Motion to Seal Court Records and Restrict Public Access filed by Plaintiff John Doe, a Safe at Home Participant, together with the Memorandum of Points and Authorities, the Declaration of John Doe, and all supporting materials, and finding compelling reasons appearing therefor,

\

IT IS HEREBY ORDERED:

1. Plaintiff's Motion to Seal is GRANTED.

2. Public access to the docket in Case No. CV-25-9549-HDV-DSR is RESTRICTED.

3. Existing docket entries shall be sealed from public access and public indexing.

4. Access to the sealed records shall remain available to the Court, court personnel, and counsel of record.

5. All future filings in this action shall remain under restricted access unless otherwise ordered by the Court.

IT IS SO ORDERED.

Dated: _____

Hon. Hernán D. Vera

United States District Judge