**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JOHN DOE,

          Plaintiff,

    v.

CALIFORNIA SOUTHERN UNIVERSITY, et al.,

          Defendants.

No. 2:25-cv-9549-HDV (DSR)

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE DEFENDANTS' MOTION TO DISMISS (DOC. NO. 55) AND PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DOC. NO. 61)**

This Report and Recommendation is submitted to the Honorable Hernán D. Vera, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**1.    INTRODUCTION**

This is a pro se civil rights action brought by Plaintiff under the pseudonym John Doe ("Plaintiff") against California Southern University ("CalSouthern") and American InterContinental University System ("AIUS") (collectively "Defendants"). See Compl. (Doc. No. 1).  The matters at issue are Defendants' Motion to Dismiss the Complaint (Doc. No. 55) and Plaintiff's "Motion to Compel Release of Final Passing Grade & Degree Conferral and For Limited Injunctive Relief" (Doc. No. 61). The Court treats the latter as a Motion for Preliminary Injunction.

Regarding Defendants' Motion to Dismiss, the Court has read and considered Defendants' moving papers (Doc. No. 55), Plaintiff's Opposition (Doc. No. 57), and

Defendants' Reply (Doc. No. 74).  Plaintiff also filed a "Notice of Supplemental Facts in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss" (Doc. No. 62).  The Court has not considered that document, however, under the applicable legal standard for a Motion to Dismiss.  Regarding Plaintiff's Motion for Preliminary Injunction, the Court has read and considered Plaintiff's moving papers (Doc. No. 61) and Defendants' Opposition (Doc. No. 73).  Plaintiff did not file a Reply in support of his motion.  The Court heard both motions on February 17, 2026, and took both under submission.  For the reasons discussed below, the Court recommends that Defendants' Motion to Dismiss be GRANTED, with leave to Amend, and that Plaintiff's Motion for Preliminary Injunction be DENIED.

**2.	BACKGROUND**

Assuming the truth of the factual allegations (but not mere conclusions) in the Complaint, Plaintiff is a current Doctor of Psychology (Psy.D.) student at California Southern University, a private institution headquartered in Arizona.  See Compl. (Doc. No. 1) at p. 2.  Plaintiff has been diagnosed with Generalized Anxiety Disorder, which he contends is a qualifying disability under the ADA.  Id.  He provided medical documentation and requested reasonable accommodations for practicum and internship placement.  Id.  Plaintiff claims that the CalSouthern Disabilities office failed to engage in a good-faith interactive process and instead minimized or ignored his requests.  Id.

In addition, Defendants refused to accommodate Plaintiff's request for remote supervision and flexibility due to his aunt's serious medical conditions.  Id. at p. 3.  Plaintiff alleges that Defendants also retaliated against him after he filed ADA grievances regarding his denied accommodations request.  Id.  Plaintiff lost a full training cycle, incurred additional expenses, and suffered emotional and professional harm because of the denied accommodations request.  Id.  According to the Complaint, national 2024-2025 data confirms that Black, LGBTQ+, and disabled Psy.D. students in private/online programs face the highest rates of

practicum denial and retaliation.  Id.  Plaintiff has been unable to secure practicum and internship placements at sites/programs like Forward Recovery, Ananda Treatment Center, Wright Institute Los Angeles, Reiss-David Child Study Center, and Los Angeles County Department of Mental Health due to Defendants' inaction and ADA noncompliance.  Id. at p. 6, Ex. C.

Finally, Plaintiff also alleges that Defendants misrepresented their Psy.D. program as being a "licensure track" program for California students, and the school failed to employ California-licensed supervisors or Board-approved waivers as required under applicable California state regulations.  Plaintiff relied on Defendants' assurances when he invested time and money into CalSouthern's licensure program.  Id. at p. 2.

Plaintiff's operative original Complaint attempts nine enumerated claims for relief: (1) violation of Title III of the Americans with Disabilities ("ADA"), (2) violation of Section 504 of the Rehabilitation Act, (3) retaliation under 42 U.S.C. § 12203 and 29 U.S.C. § 794, (4) negligent misrepresentation and failure to supervise, (5) negligence per se, (6) violation of California's Unruh Civil Rights Act, (7) violation of California's Disabled Persons Act, (8) violation of California's Fair Employment and Housing Act, and (9) breach of the implied covenant of good faith and fair dealing.  See Compl. at pp. 3-4.

Defendants now move to dismiss each of Plaintiff's claims for failure to state a claim upon which relief can be granted.  Plaintiff concurrently moves for a preliminary injunction "compelling Defendants to release Plaintiff's final passing grade and degree conferral . . . ."  The Court will address each motion in turn.

**3.    DEFENDANTS' MOTION TO DISMISS**

**A.    Legal Standard**

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) is read along with Rule 8(a), which requires a short, plain statement upon which a pleading shows entitlement to relief.  Fed. R. Civ. P.8(a)(2); Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 555 (2007).  When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint – as well as any reasonable inferences to be drawn from them – as true and construe them in the light most favorable to the non-moving party.  See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).  "The court need not accept as true, however, allegations that contradict facts that may be judicially noticed by the court."  Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (citations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level."  Id.  To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570; Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556).

The Ninth Circuit has clarified that: (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued

4

litigation."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).  Although the scope of review is limited to the contents of the complaint, the Court may also consider exhibits submitted with the complaint, Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), and "take judicial notice of matters of public record outside the pleadings," Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988).

When a plaintiff appears pro se in a civil rights case, the Court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt.  See Karim-Panahi v. Los Angeles Police Dep't., 839 F.2d 621, 623 (9th Cir. 1988).  In giving liberal interpretation to a pro se complaint, however, the Court may not supply essential elements of a claim that were not initially pled.  Pena v. Gardner, 976 F.2d 469, 471-72 (9th Cir. 1992).  A Court must give a pro se litigant leave to amend the complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."  Karim-Panahi, 839 F.2d at 623 (internal quotation marks omitted), ); see also Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (internal quotations omitted)).

**B.      Discussion**

As noted above, Plaintiff attempts several claims in his operative original Complaint.  The Court will discuss each in turn.

**i.        Violation of the Americans with Disabilities Act**

Plaintiff's first cause of action attempts to state a claim for violation of Title III of the ADA (42 U.S.C. § 12182, et seq.).  See Compl. at p. 3.  Plaintiff alleges that Defendants denied him reasonable modifications, effective communication, and equal access to essential practicum and internship opportunities required for California psychologist licensure.  His claims break down into two categories:

(1) alleged violations based on Plaintiff's own disability and (2) violations based on the disability of Plaintiff's aunt, for whom Plaintiff is a caretaker.

> **a.    Plaintiff's Complaint Fails to State an ADA Claim Based on Plaintiff's Own Disability**

To state a claim under Title III of the ADA, a plaintiff must show that "(1) [they are] disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [their] disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007).  Here, Plaintiff alleges that he "has a diagnosed Generalized Anxiety Disorder, a qualifying disability under the ADA." Compl. at p. 2.  He also generally alleges that Defendants are private institutions operating a school.  Id.  Defendants do not dispute in their Motion that the school is a place of public accommodation.

Plaintiff fails to plead sufficient facts that plausibly allege Defendants denied him public accommodations because of his Generalized Anxiety Disorder, however. See Whitaker v. Tesla Motors, Inc., 985 F.3d 1173, 1177 (9th Cir. 2021) (finding that Plaintiff's allegations "did little more than recite the elements of an ADA claim" and failed to put Defendants on notice of how they denied Plaintiff's accommodations). The Complaint vaguely alleges that Plaintiff "requested reasonable accommodations" and that Defendants "failed to engage in a good-faith interactive process" and "ignored or minimized his requests." See Compl. at p. 2.  Plaintiff fails to allege any facts about what the requested accommodations were, when the requests were made, or how Defendants failed to engage in an interactive process, however.  The allegations in the present Complaint are conclusory and insufficient to state a claim under the ADA. See Iqbal, 556 U.S. at 679, 682.  The Court therefore recommends Plaintiff's first claim for relief for violation of the ADA be DISMISSED.  Because it is not "absolutely clear" that Plaintiff cannot cure this

defect in an amended Complaint, however, such dismissal should be with leave to amend.

### b. Plaintiff Has Not Stated an ADA Claim Based on his Aunt's Disability

In addition to attempting an ADA claim based on his own Generalized Anxiety Disorder, discussed above, Plaintiff also appears to attempt an ADA claim based on his aunt's disability as her caretaker. Plaintiff alleges Defendants denied his request for "remote supervision and flexibility due to his aunt's serious medical conditions." Compl. at p. 3. To the extent that Plaintiff here attempts an ADA claim based not on his own disability, but rather his association with a person with a disability (i.e., his aunt), he similarly has failed to allege sufficient facts to state such a claim. Under 42 U.S.C. § 12182(b)(1)(E), it is discriminatory – and thus a violation of the ADA – "to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association." Such a claim for discrimination by association requires the plaintiff first to establish a prima facie case, including (among other elements) that the defendant knew at the time that he had a relative with a disability and that the challenged action "occurred under circumstances that raised a reasonable inference that the disability of the relative was a determining factor in the [defendant's] decision." Bukiri v. Lynch, No. SACV 15-894 JLS (DFMx), 2015 WL 133582, at *3 (C.D. Cal. Sept. 9, 2015) aff'd, 648 F. App'x 729 (9th Cir. 2016) (citing Magnus v. St. Mark United Methodist Church, 688 F.3d 331, 336–37 (7th Cir. 2012) and Wascura v. City of S. Miami, 257 F.3d 1238, 1242 (11th Cir. 2001)). "If a plaintiff establishes a prima facie case and the defendant then articulates a legitimate, nondiscriminatory reason for the

[challenged] action, the burden shifts to the plaintiff to show that this reason was a pretext for unlawful associational discrimination." Id.[1]

Here, Plaintiff merely alleges that Defendant refused his request for "remote supervision and flexibility due to his aunt's serious medical conditions . . . ." Compl. at p. 3.  There are no facts pled in the Complaint that Defendants knew at the time that Plaintiff had a relative with a disability.  Nor are there any facts alleged to show that the aunt's disability was a determining factor in the decision to deny Plaintiff's request.  Accordingly, the Complaint also fails to state an ADA claim for discrimination by association, and it is recommended Defendant's Motion to Dismiss such a claim be GRANTED, also with leave to amend.

### ii.      Violation of the Rehabilitation Act

Plaintiff's second claim for relief seeks to allege a violation of section 504 of the Rehabilitation Act (29 U.S.C. § 794.)  See Compl. at p. 3.  Plaintiff alleges that Defendants, as recipients of federal funding, discriminated against him and failed to provide reasonable accommodations and equal access to educational opportunities.  Id.  Defendants argue that Plaintiff's second claim fails to allege facts indicating he was denied benefits solely because of his disability.  See Def.s' Mem. P. & A. (Doc. No. 55-1) at p. 12.

---

[1]      While these cases dealt with claims of employment discrimination under Title I of the ADA (and thus 42 U.S.C. § 12112(b)(4)), rather than public-accommodation discrimination under Title III of the ADA (and thus 42 U.S.C. § 12182(b)(1)(E)), the applicable language of the definition of discrimination by association in each title is identical.  Both statutes bar discrimination "because of the known disability of an individual with whom the [plaintiff] is known to have a relationship or association."  "[W]hen Congress uses the same language in two statutes having similar purposes, particularly when one is enacted shortly after the other, it is appropriate to presume that Congress intended that text to have the same meaning in both statutes."  Smith v. City of Jackson, Miss., 544 U.S. 228, 233 (2005).  Thus, it is appropriate to apply the standard applicable to claims of discrimination by association under Section 12112(b)(4) to this claim for discrimination by association under Section 12182(b)(1)(E).

Section 504 of the Rehabilitation Act forbids disability discrimination under any program or activity receiving federal financial assistance.  29 U.S.C.A. § 794(a).  To state a claim under section 504, a plaintiff must show: "(1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance."  Duvall v. County of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001).

Plaintiff's Rehabilitation Act claim fails for the same reason as his ADA claim discussed above – he has not alleged facts to show that he was denied benefits solely because of his disability.  Rather, Plaintiff makes conclusory allegations that Defendants "failed to provide reasonable accommodations and equal access to educational opportunities."  Compl. at p.3.  He has not alleged any facts that (1) identified the specific benefits he was denied or (2) that he was denied those benefits solely because of his disability, as required to state a claim under section 504.  See Trujillo v. Cnty of L.A., Case No. CV 14-5431, WL 12910367 (C.D. Cal. 2014) (finding that dismissal of section 504 claim was proper where Plaintiff failed to allege details about specific denied programs or benefits).  Therefore, it is recommended that Defendants' Motion to Dismiss Plaintiff's Rehabilitation Act claim be GRANTED, with leave to amend to permit Plaintiff an opportunity to cure this deficiency.

### iii.    Retaliation Under the ADA and Rehabilitation Act

Plaintiff's third cause of action attempts to state a claim for retaliation under 42 U.S.C. § 12203 and 29 U.S.C. § 794.  See Compl. at p.3.  Plaintiff alleges that Defendants retaliated against him for "protected ADA/504 activity by imposing barriers and delays that blocked his academic progress."  Id.  Defendants argue that Plaintiff's retaliation claim fails because he did not allege that CalSouthern took any adverse action against him.  See Def.s' Mem. P. & A. at p.14.

9

Plaintiff's allegation that Defendants "retaliated after he filed ADA grievances" is conclusory and insufficient to state a retaliation claim.  See Twombly, 550 U.S. at 555.  Additionally, the "barriers and delays" that Plaintiff claims Defendants imposed are not specific and tangible allegations of adverse action.  Id. Therefore, it is recommended that Defendants' Motion to Dismiss Plaintiff's retaliation claim be GRANTED, with leave to amend.

### iv.    Negligent Misrepresentation and Failure to Supervise

Plaintiff's fourth cause of action attempts to state a claim for negligent misrepresentation and failure to supervise under California common law.  See Compl. at p. 3.  Plaintiff alleges that Defendants falsely represented their program as "California-compliant" and failed to ensure qualified supervision.  Id. Defendants argue that the negligent misrepresentation claim fails to state the required elements of a claim and that the failure-to-supervise claim lacks factual support and is inapplicable to CalSouthern.  See Def.s' Mem. P. & A. at p. 15.

### a.  Negligent Misrepresentation

Plaintiff alleges that Defendants negligently misrepresented their Psy.D. program as being "California-compliant."  See Compl at p. 3.  To state a claim for negligent misrepresentation under California law, a plaintiff must allege "(1) the defendant made a false representation; (2) without reasonable grounds for believing it to be true; (3) with the intent to deceive the plaintiff; (4) justifiable reliance on the representation; and (5) resulting harm."  Rufini v. CitiMortgage, Inc., 227 Cal.App.4th 299, 308 (2014) (citation omitted).

"[C]laims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements."  Neilson v. Union Bank of California, N.A., 290 F.Supp.2d 1101, 1141 (C.D.Cal.2003); Fed. R. Civ. P. 9(b).  A court may dismiss a claim grounded in fraud when its allegations fail to satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading requirements.  Id. at 1107.  Rule 9(b)'s

heightened pleading standards apply to state law causes of action.  See Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir.2003).

A motion to dismiss a claim "grounded in fraud" under Rule 9(b) for failure to plead with particularity is the "functional equivalent" of a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.  Id.  To satisfy the heightened pleading requirements under Rule 9(b), the pleading must identify "the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations."  Black & Veatch Corp. v. Modesto Irrigation Dist., 827 F. Supp. 2d 1130 1147 (E.D. Cal. 2011) (internal citations omitted).  Courts have consistently required that a plaintiff "must include statements regarding the time, place, and nature of the alleged fraudulent activities, and that "mere conclusory allegations of fraud are insufficient."  In re GlenFed, Inc. Securities Litigation, 42 F.3d 1541, 1547–8 (9th Cir.1994) (en banc) (superseded by statute on other grounds as stated in Marksman Partners, L.P. v. Chantal Pharm. Corp., 927 F.Supp. 1297 (C.D.Cal.1996)).

Here, Plaintiff's allegations fail to plead the required elements of a negligent misrepresentation claim or satisfy the heightened pleading standards under Rule 9(b).  Plaintiff only generally alleges that CalSouthern made a false representation regarding its program, he relied on that representation, and he suffered harm as a result.  Plaintiff's conclusory allegations fail to include statements regarding the time, place, and nature of the fraudulent activities.  In re GlenFed, 42 F.3d at 1547-48.  Thus, Plaintiff failed to plead specific facts demonstrating Defendants' negligent misrepresentation, so the allegations are insufficient under Rule 9(b) and subject to dismissal.  The Complaint also fails to allege any facts showing that Defendants made the representation about their program being "licensure track for California students" without reasonable grounds for believing it to be true and with the intent to deceive Plaintiff.  It is therefore recommended that Defendants' Motion to Dismiss Plaintiff's negligent misrepresentation claim be GRANTED, but

11

again with leave to amend to allow Plaintiff an opportunity to plead such a claim in compliance with Rule 9.

### b. Failure to Supervise

Plaintiff appears also to attempt to include in his fourth claim for relief a claim for negligent supervision. See Compl. at p. 3 under "Count 4" (alleging Defendants "failed to ensure qualified supervision, causing Plaintiff financial and professional harm"). Such a claim lacks sufficient facts to allege a claim for failure to supervise. Plaintiff's allegation that Defendants "failed to ensure lawful California supervision" is conclusory and insufficient to state a claim. To state a negligent supervision claim, a plaintiff must prove "(1) a legal duty to use reasonable care and (2) a breach of that duty, (3) which actually and proximately causes (4) damages to a person or property." Grimes v. Bd. of Trs. for Northcentral Univ., No. 22-CV-1321 TWR (JLB), 2024 WL 150724 (S.D. Cal. Jan. 12, 2024). Plaintiff failed to allege any factual basis for his negligent supervision claim here and therefore fails to state a claim upon which relief may be granted. Thus, it is recommended that the Court GRANT Defendants' Motion to Dismiss such claim, with leave to amend.

### v. Negligence Per Se

Plaintiff's "Count 5" attempts a claim for "Negligence Per Se – Violation of Cal. Code. Regs. tit. 16 § 1387." See Compl. at p. 3. Plaintiff alleges that Defendants violated state law by allowing non-licensed supervisors to oversee California clinical training, presumably in violation of the identified regulation. Id. Defendants argue that Plaintiff failed to allege a cognizable basis for an actionable duty of care. See Def.s' Mem. P. & A. at p. 17.

Generally, "'[t]he doctrine of negligence per se is not a separate cause of action, but creates an evidentiary presumption that affects the standard of care in a cause of action for negligence.' The doctrine of negligence per se does not provide a private right of action for violation of a statute." Das v. Bank of Am.,

12

N.A., 186 Cal. App. 4th 727, 737-38 (2010) (internal citations omitted).  The doctrine of negligence per se creates a presumption of negligence under state law if four elements are established:

> (1) the defendant violated a statute, ordinance, or regulation of a public entity; (2) the violation proximately caused death or injury to person or property; (3) the death or injury resulted from an occurrence of the nature of which the statute, ordinance, or regulation was designed to prevent; and (4) the person suffering the death or the injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted.

Galvez v. Frields, 88 Cal. App. 4th 1410, 1420 (2001).

Plaintiff has failed to plead facts to establish negligence per se under this standard because the alleged facts do not show Defendants violated the statute, ordinance, or regulation Plaintiff relies on.  Plaintiff relies on Title 16, section 1387 of the California Code of Regulations.  See Compl. at p. 3, "Count 5."  That regulation, however, does not create an independent duty of care owed to Plaintiff by CalSouthern.  It oversees "all trainees, pre- or post-doctoral, who intend for hours of supervised professional experience (SPE) to count toward meeting the licensing requirement stated in section 2914(c) of the Business and Professions Code."  Cal. Code Regs. tit. 16, § 1387.  CalSouthern operates a doctoral degree program, not a SPE.  See Compl. at p. 2.  As such, it is not subject to Title 16, § 1387 of the California Code of Regulations.  Rather, CalSouthern is regulated by Cal. Bus. & Prof. Code § 2914(b)-(c) and Cal. Code Regs, Tit. 16, § 1386 (criteria for evaluation of education).  Because Section 1387 does not apply to CalSouthern, Plaintiff's negligence per se claim based on an alleged violation of that regulation

fails.  It is therefore recommended that Defendants' Motion to Dismiss Plaintiff's fifth claim for relief be GRANTED, with leave to amend.

### vi.        Violation of California's Unruh Act

For his sixth claim for relief, Plaintiff alleges that Defendants violated California's Unruh Civil Rights Act, California Civil Code § 51, by denying him full and equal accommodations "on the basis of disability and protected status."  See Compl. at p. 3.  Defendants argue that Plaintiff's claim fails because he failed to plead an ADA claim or a claim for intentional discrimination.  See Def.s' Mem. P. & A. at p. 19.

Under the Unruh Civil Rights Act, all citizens of California "are free and equal, and no matter what their . . . disability, medical condition, genetic information . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."  Cal. Civ. Code § 51.  "Unruh Act claims include the following elements: (i) defendant denied plaintiff full and equal accommodations, advantages, facilities, privileges, or services; (ii) that a substantial motivating reason for defendant's conduct was plaintiff's membership in a protected class; (iii) that plaintiff was harmed; and (iv) that defendant's conduct was a substantial factor in causing plaintiff's harm."  Hills v. State Farm Gen. Ins. Co., No. 2:24-CV-00130-MCS-SK, 2025 WL 819563, at *4 (C.D. Cal. Feb. 3, 2025) (quoting Nia v. Bank of Am. N.A., 603 F. Supp. 3d 894, 906 (S.D. Cal. 2022)).  Claims under the Unruh Act generally require proof of intentional discrimination.  See Hankins v. El Torito Restaurants, Inc., 63 Cal. App. 4th 510, 517 (1998).  However, a plaintiff is not required to show intent under the Unruh Act if the claim is based on an ADA violation.  Munson v. Del Taco, Inc., 46 Cal. 4th 661, 665 (2009).

As discussed above, Plaintiff has not properly pleaded an ADA claim.  Thus, Plaintiff must show intentional discrimination to meet the second element of an Unruh claim.  Munson, 46 Cal. 4th at 665.  Here, Plaintiff failed to allege sufficient

factual allegations to satisfy the second element of an Unruh claim.  Plaintiff's statement that Defendants denied him "full and equal accommodations and privileges on the basis of disability and protected status" is conclusory and fails to demonstrate (1) the specific accommodations Plaintiff was denied, or (2) how CalSouthern intentionally discriminated against him because of his disability.  Plaintiff has failed to allege plausibly the required discriminatory intent.  Iqbal, 556 U.S. at 686; see also Earll v. eBay, Inc., No. 5:11-CV-00262-JF HRL, 2011 WL 3955485, at *3 (N.D. Cal. 2011) (finding that Plaintiff's conclusory allegations "lacked the requisite factual support to make out a plausible claim for intentional discrimination.")  Therefore, it is recommended that Defendants' Motion to Dismiss Plaintiff's Unruh Act claim be GRANTED, with leave to amend.

### vii.      Violation of California's Disabled Persons Act

Plaintiff's seventh attempted claim for relief, for violation of California's Disabled Persons Act ("CDPA"), California Civil Code §§ 54-55.3, alleges that "Defendants failed to provide reasonable accommodations and equal access to the PsyD program."  Compl. at p. 3.  Defendants argue that the claim fails because Plaintiff has not pled that CalSouthern denied Plaintiff access to a public space.  See Def.s' Mem. P. & A. at p. 20.

Under the CDPA, individuals with disabilities are "entitled to full and equal access . . . to accommodations, advantages, facilities, medical facilities, . . . and privileges of all . . . places of public accommodation . . . ."  Cal. Civ. Code § 54.1(a).  A violation of the CDPA occurs when "any person or persons, firm or corporation . . . denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability."  Cal. Civ. Code § 54.3(a).  A violation of the ADA constitutes a violation of the CDPA.  Hubbard v. SoBreck, LLC, 554 F.3d 742, 745 (9th Cir. 2009).  However, the CDPA is "concerned solely with physical access to

public spaces."  Wilkins-Jones v. Cnty. of Alameda, 859 F. Supp. 2d 1039, 1054 (N.D. Cal. 2012).

Here, not only has Plaintiff failed to plead a viable ADA claim, as discussed above, but his claim under the CDPA also fails to allege he was denied physical access to a public place.  Plaintiff's bare allegation that he was denied "access to the PsyD program," is unclear and insufficient to state an independent CDPA claim.  Therefore, it is recommended that Defendants' Motion to Dismiss Plaintiff's CDPA claim be GRANTED, with leave to amend.

### viii.      Violation of California's Fair Employment and Housing Act

"Count 8" in Plaintiff's Complaint attempts to state a claim for violation of California's Fair Employment and Housing Act ("FEHA"), California Government Code §§ 12940, et seq.  See Compl. at p. 3.  Plaintiff alleges that Defendants "denied [him] accommodations and equal opportunities within an educational and professional-training pipeline to employment."  Id.  Defendants argue that FEHA is inapplicable here because there is no employment relationship between the parties.  See Def.s' Mem. P. & A. at p. 21.

FEHA regulates "employers, labor organizations, employment agencies, and other persons" and prohibits unlawful employment practices.  Cal. Gov. Code § 12940.  Under FEHA, an employer may not "discharge [a] person from employment or from a training program leading to employment, or . . . discriminate against [a] person in compensation or in terms, conditions, or privileges of employment."  Cal. Gov. Code § 12940 (a).  "In order to recover under the discrimination in employment provisions of the FEHA, the aggrieved plaintiff must be an employee."  Shephard v. Loyola Marymount Univ., 102 Cal. App. 4th 837, 842 (2002).

Here, Plaintiff's Complaint fails to contain any facts alleging an employment relationship between himself and CalSouthern.  It alleges only that Plaintiff is "an honors-level PsyD candidate" at CalSouthern.  Compl. at p. 2.  Plaintiff's FEHA claim

16

therefore fails because his Complaint, as currently pled, makes no mention of an employment relationship that is regulated under FEHA.  See Avalos v. Univ. of San Francisco, No. C 12-5290 RS, 2013 WL 1390406 at *5 (N.D. Cal. 2013) (graduate nursing student was not an employee of her university for purposes of FEHA).  Therefore, it is recommended that Defendants' Motion to Dismiss Plaintiff's FEHA claim be GRANTED, with leave to amend.

### ix.    Breach of the Implied Covenant of Good Faith and Fair Dealing

Finally, Plaintiff's ninth cause of action attempts to state a claim for breach of the implied covenant of good faith and fair dealing.  See Compl. at p. 4.  Plaintiff alleges that Defendants "frustrated" his ability to "complete required training after accepting tuition and representing licensure-track outcomes."  Id.  Defendants move to dismiss on the ground that the Complaint does not allege sufficient facts to establish any of the essential elements of a claim for breach of the implied covenant.  See Def.'s Mem. P. & A. at pp. 22-23.

The implied covenant of good faith and fair dealing "is implied as a supplement to express contractual covenants to prevent a contracting party from engaging in conduct that frustrates the other party's rights to the benefits of the agreement."  Charpentier v. Los Angeles Rams Football Co., 75 Cal. App. 4th 301, 314 (1999) (quoting Waller v. Truck Ins. Exchange, Inc., 11 Cal.4th 1, 36 (1995)).  To state a claim under California law for breach of the implied covenant, a plaintiff must allege "(1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct."  Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F. Supp. 2d 952 (N.D. Cal. 2010) (citing Judicial Council of California Civil Jury Instruction 325).

17

Here, Plaintiff fails to plead any facts alleging a contractual relationship between himself and Defendants or a specific contractual provision that was breached.  See Inter-Mark USA, Inc. v. Intuit, Inc., No. C-07-04178 JCS, 2008 WL 552482 at *6 (N.D. Cal. 2008) ("To state a claim for breach of contract, a plaintiff must allege the existence of a valid contract, performance of that contract by the plaintiff, defendant's breach and damages." (internal citations omitted)).  Plaintiff also fails to allege that he fulfilled his obligations under a contract between the parties or any conditions precedent to the Defendants' performance occurred.  Plaintiff's allegation that Defendants' "frustrated" his ability to complete required training is factually insufficient to allege plausibly that Defendants unfairly interfered with his rights to receive the benefits of a contract.  Thus, Plaintiff's Complaint fails to plead sufficient facts to establish essential elements of a claim for breach of implied covenant of good faith and fair dealing.  Therefore, it is recommended that Defendants' Motion to Dismiss this claim also be GRANTED, with leave to amend.

In summary, none of Plaintiff's attempted claims in the Complaint state a claim upon which relief can be granted.  Defendants' Motion to Dismiss should be granted.  Because it is not "absolutely clear" that Plaintiff cannot cure his pleading deficiencies in an amended Complaint, however, it is recommended that Plaintiff be given 30 days' leave to amend to try.

**4.      PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

On January 5, 2026, Plaintiff filed a "Motion to Compel Release of Final Passing Grade & Degree Conferral and For Limited Injunctive Relief."  See Doc. No. 61.  Plaintiff requests an order (1) compelling Defendants to release his final passing grade immediately, (2) compelling them to release his "degree conferral / degree completion documentation" immediately, or, in the alternative (3) requiring Defendants to file a sworn declaration explaining why they are withholding such documents.  Id. at ECF p. 8.  Though titled as a "Motion to Compel," Plaintiff applies

18

the test for a preliminary injunction in his Motion.  Id. at ECF pp. 6-8.  Plaintiff did not, however, notice the matter for a hearing.  The Court therefore deemed the Motion to be one for a Preliminary Injunction and set it for hearing concurrently with the already-scheduled hearing on Defendants' Motion to Dismiss.  See Doc. No. 69.  Defendants timely filed their Opposition on January 27, 2026.  See Doc. No. 73.  Plaintiff did not file a Reply.

A plaintiff seeking a preliminary injunction "must establish that [it] is [1] likely to succeed on the merits, [2] that [it] is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in [its] favor, and [4] that an injunction is in the public interest."  Recycle for Change v. City of Oakland, 856 F.3d 666, 669 (9th Cir. 2017) (quoting Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).

Here, Plaintiff is unable to meet the first element of the preliminary injunction standard: likelihood of success on the merits.  As an initial matter, Plaintiff fails to link the relief requested – release of his final grade and awarding him his degree – to any claim pled in his original Complaint.  There is no claim in the Complaint that Defendants are unlawfully withholding his final grade or degree.  Thus, even if Plaintiff was successful on any of his claims in the Complaint, he fails to explain how such success would entitle him to the preliminary injunctive relief he seeks in this Motion.

In addition, none of the claims in the original Complaint state a claim upon which relief can be granted, as discussed above.  At least as of now, Plaintiff has no likelihood of success on the merits on any of his claims because none of the claims, as pled, are cognizable.  When a party "has not shown any chance of success on the merits, no further determination of irreparable harm or balancing of hardships is necessary."  Global Horizons, Inc. v. U.S. Dep't of Lab., 510 F.3d 1054, 1058 (9th Cir. 2007); see Mosaic Brands, Inc. v. Ridge Wallet LLC, No. 2:20-CV-04556-AB-JCx, 2020 WL 6821013 at *7 (C.D. Cal. Oct. 29, 2020) (denying the motion for preliminary

injunction as moot where Plaintiff 's allegations were dismissed for failure to adequately plead its claim for relief.)

Therefore, it is recommended that Plaintiff's Motion for Preliminary Injunction (titled "Motion to Compel Release of Final Passing Grade and Degree Conferral") be DENIED.

**5.  RECOMMENDATION**

For the reasons stated above, it is recommended that the Court issue an Order: (1) accepting and adopting this Report and Recommendation; (2) GRANTING Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. No. 55), with 30 days' leave to amend, and (3) DENYING Plaintiff's Motion for Preliminary Injunction (Doc. No. 61).

DATED: June 22, 2026 _____

HON. DANIEL S. ROBERTS
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals. Either party may file objections to this Court's findings and recommendations under 28 U.S.C. § 636(b)(I)(C).  Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy. Fed. R. Civ. P. 72(b).  The determination of this Motion to Dismiss, including the recommendation for leave to amend, is not final until ruled upon by the District Judge.  Moreover, no notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.